UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 036 T

MICHAEL OSTROWSKI :

SENTENCING MEMORANDUM

The defendant hereby files with the Court this sentencing memorandum and request for a sentence lower than the advisory guideline range established by the Pre-Sentence Report.

1. Advisory Guideline Range

The Pre-Sentence Report establishes an advisory guideline range of eleven (11) with a criminal history category of VI, yielding a sentencing range of 27 to 33 months.

2. 18 U.S.C. § 3553 (a)

Pursuant to the provisions of 18 U.S.C. § 3553 (a), the defendant respectfully requests that the Court impose a sentence less than the sentence called for by the advisory guidelines.

A. Post-Offense Rehabilitation

Since the commission of the instant offense, this defendant has turned

his life around by establishing and maintaining his business, by starting a relationship that culminated in marriage and, most importantly, by staying drug-free.

Mr. Ostrowski and his wife, Kathleen, have supplied eloquent letters which attest to the defendant's post-offense rehabilitation. The events leading up to the indictment took place in January and February of 2004, just short of three years ago. The defendant was not charged until March of 2006, some two years later. The post-offense rehabilitation of Michael Ostrowski began long before the indictment was handed down. This is not a case where Mr. Ostrowski has only attempted rehabilitation because of the pendency of criminal charges. By all accounts, he had made substantial steps towards turning his life around well before he was charged in this Court.

While under U.S.S.G. § 5K2.19, rehablitative efforts after imposition of sentence may not be the basis for a downward departure, the Court is not precluded from considering efforts which pre-date the charge being filed.

B. <u>Criminal History Overstating Seriousness</u>

In this case,the defendant has fourteen (14) criminal history points. PSR at ¶ 40. While the probation office has correctly calculated Mr. Ostrowski's point score, it remains true that two of the offenses, which account for six points, took place more than twenty (20) years ago and nineteen (19), respectively. PSR

at ¶¶ 31 and 34. Further, a third conviction, resulting in one criminal history point, was as a result of actions taken in 1987, again, some nineteen (19) years ago.

Finally, Mr. Ostrowski received three (3) points for a burglary conviction which was the result of actions taken in 1992, some seventeen (17) years ago. Ten (10) of Mr. Ostrowski's fourteen (14) criminal history points are as a result of offenses more than seventeen years old. The defendant maintains that the Court should sentence Mr. Ostrowski as if he were in Category III, rather than Category VI, because of the age of the four above-referenced convictions.

If the defendant were sentenced based on category III, his sentencing range would be ten (10) to sixteen (16) months. The Court could impose a split sentence if the defendant's sentence were in that range.

The defendant's conviction is for a non-violent offense. The defendant will be required to make restitution of $21,897.50. Obviously, if the defendant were permitted to work, he would be able to make restitution payments at an earlier point in time.

The sentence sought by the defendant in this case is a significant deviation from the guidelines, however, the reasons set out by the defendant are equally compelling. In the experience of defense counsel, it is rare to see a defendant with the kind of criminal history of Mr. Ostrowski turn his life around. In addition,

most of his criminal contacts are based on incidents between seventeen and twenty years old.

MICHAEL OSTROWSKI,
By his attorney,

/s/ Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

CERTIFICATION

I hereby certify that I caused a copy of the within to be served upon Richard Rose, AUSA by ECF case filing and forwarded a copy to Maureen Bradley, SUSPO, on the 8th day of January, 2007.

/s/ Edward C. Roy, Esquire